It only remains to ascertain what provision the statute has made for his fees, in a case in which he properly appears. One of the provisions of the statute is, that whenever two or more indictments, suits, or proceedings, which should be joined, are or shall be prosecuted, the district attorney shall be paid but one bill of costs for all of them.

Now we have just held that all of these cases, which relate to the same writ of mandamus, should be joined; and have given effect to that view by ordering a consolidation. We have also given directions concerning the manner of issuing such writs in future. So far as the clerk and marshal are concerned, this can affect their fees for future services only. But it is obvious that the statute intended that the district attorney should have but one bill of costs in all cases which should have been joined, without reference to whether they are consolidated or not. It establishes a rule in reference to his fees, but does not do so in regard to those of the clerk and marshal. The obvious reason is, that he is supposed to know when cases should be joined, and, if such cases are not originally united, that he should move for their consolidation. If he fails to do this, and the matter is brought to the attention of the court, he can have only such fees as he would have been entitled to if they had been so brought or consolidated.

The result of these views is, that for the attachments growing out of each mandamus, the district attorney is entitled to one fee of $10, and no more. Most of the parties attached, and some under each mandamus, are still before the court for future action.

No fee will be taxed for the attorney in the cases of those parties who have been discharged with a nominal fine at this term. When the cases yet before us are finally disposed of, one fee of $10 will be taxed for him in the cases as consolidated under each mandamus.

---

## Case No. 4,192.

### DURHAM et al. v. ASHTON.

---

## Case No. 4,193.

### DURHAM v. RANGELY.

[See Case No. 2,177.]

---

## Case No. 4,194.

### DURKEE v. WORKMAN et al.[1]

[1 Law & Eq. Rep. 473; 2 Wkly. Notes Cas. 431; 21 Int. Rev. Rec. 349; 32 Leg. Int. 362.]

Circuit Court, E. D. Pennsylvania. Oct. 4, 1875.[2]

McKENNAN, Circuit Judge. The appellant's right to recover in this case, depends upon the construction of the charter-party and bill of lading, by which, "on right and true delivery of the cargo, according to the bills of lading signed by the captain, he was to be paid freight, one shilling, three pence, British sterling, in full, for every barrel delivered, payable in cash, at the current rate of exchange, for sixty days, sight bills in London, noted on the day the vessel is entered at the custom-house at port of discharge, and only half freight to be paid for all barrels delivered in a broken state." The cargo consisted of empty oil barrels, some of which were sound and others "broken" at the time of shipment, and it is contended by the appellant that the reduced freight is applicable to those barrels only which were in a broken condition at that time. I do not think this is the import of the contract. The bill of lading acknowledges the shipment of the cargo "in good order and well conditioned," "being marked and numbered in the margin," of course having reference to the proportion of sound and broken barrels at that time, and stipulates that they shall "be delivered in like good order and well conditioned," at the port of Philadelphia, to the consignee, "he paying freight for said goods, at the rate of one shilling, three pence, British sterling, in full, for every barrel delivered in good condition, half freight for broken barrels." Independent of any liability of the vessel for injury

---

[1] [Syllabus reprinted from 1 Law & Eq. Rep. 473, by permission. The opinion is from 21 Int. Rev. Rec. 349.]

[2] [Affirming Case No. 4,195.]